UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD S. WILSON,           )
                            )
        Petitioner,         )
                            )   Case No. 3:11-CV-82 JD
    v.                      )
                            )
SUPERINTENDENT,             )
                            )
        Respondent.         )

OPINION AND ORDER

Donald S. Wilson, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 [DE 1] seeking to challenge his murder and attempted murder convictions in Clark County under Cause No. 10C01-9406-CF-086. The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

Wilson's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the Indiana Supreme Court affirmed Wilson's convictions on July 17, 1998. *Wilson v. State of Ind.*, 697 N.E.2d 466 (Ind. 1998). He did not seek certiorari in the United States Supreme Court [DE 1 at 2]. On January 2, 2002, Wilson filed a petition for post-conviction relief with the state trial court [*Id.*]. That petition was denied in December 2009, and the Indiana Court of Appeals affirmed on appeal. *Wilson v. State of Ind.*, No. 10A04-1001-PC-12, 2010 WL 2539513 (Ind. Ct. App. June 24, 2010). In May 2010, Wilson filed a motion in the trial court seeking a recalculation of his earned time credits [DE 1 at 3]. That motion was denied in June 2010, and he did not pursue an appeal [*Id.* at 4].

Wilson tendered his federal petition to prison officials for mailing on February 14, 2011 [*Id.* at 9]. In claims one and two, he asserts that he received ineffective assistance of trial counsel because counsel failed to call a "more qualified" defense expert and failed to object to comments by the prosecutor during closing argument [DE 1 at 5]. In claim three, he asserts that his appellate counsel was ineffective in failing to contest the length of his sentence on direct appeal [*Id.*] Wilson's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor

does he claim that a state-created impediment prevented him from filing his federal petition on time [*see* DE 1 at 8-9]. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply.

As stated above, the Indiana Supreme Court affirmed Wilson's convictions on July 17, 1998. *Wilson*, 697 N.E.2d at 466. The one-year statute of limitations began running 90 days later when the time for seeking review in the United States Supreme Court expired. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (conviction becomes final, and one-year statute of limitations begins running, when the time for seeking review in the United States Supreme Court expires). Absent any period of tolling, Wilson's federal petition was due in October 1999. Although a properly filed application for state post-conviction relief will toll the limitations period under 28 U.S.C § 2244(d)(2), the post-conviction petition Wilson filed in January 2002 did not toll the limitations period, because the one-year federal deadline had already expired when he filed that petition.[1] *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (observing that "a state proceeding that does not begin until the federal year has expired is irrelevant" for statute of limitations purposes.) Accordingly, this petition was filed several years too late.

Wilson does not raise any basis for excusing the untimeliness of his petition, and instead he appears to believe that his petition was timely filed. In response to Question 16, where the petitioner is asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Wilson

---

[1] Although Wilson does not mention it in his petition, the state appellate court opinion references a post-conviction petition he filed in November 1999 and subsequently withdrew. *See Wilson,* No. 10A04-1001-PC-12, 2010 WL 2539513, at *2. Even if this is accurate, a state petition filed in November 1999 could not have tolled the limitations period under Section 2244(d)(2) because the time for filing a federal petition expired in October 1999. *See DeJesus*, 567 F.3d at 943. Nor would Wilson's May 2010 motion pertaining to his earned time credits have tolled the limitations period. Assuming this motion constituted an "application for collateral review," *see Wall v. Kholi*, —S. Ct. —, 2011 WL 767700 (U.S. Mar. 7, 2011), the motion was filed well after the federal limitations period expired.

states simply: "I was still in the State Court system" [DE 1 at 9]. However, as explained above, the one-year deadline for filing a federal petition had already expired when Wilson initiated state post-conviction relief, and the state court's subsequent denial of his petition did not "restart" the time for seeking federal habeas relief. *DeJesus*, 567 F.3d at 943. Accordingly, Wilson's petition must be dismissed as untimely.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When the district court has dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the Court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

As is fully explained above, Wilson's habeas petition was not timely filed. Nothing before the Court suggests that jurists of reason could debate the correctness of this procedural ruling or find

a reason to encourage Wilson to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

For these reasons, the Court DISMISSES the petition [DE 1] pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and DENIES a certificate of appealability.

SO ORDERED.

ENTERED:　March 7, 2011　

　　　　　　　　　　　　　　　　　　　　　　/s/ jON E. DEGUILIO　　　
　　　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　　　United States District Court